IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| Fifth Third Bank, N.A., | : | |
| | : | Case No. 1:23-cv-160 |
| Plaintiff, | : | |
| | : | Judge Susan J. Dlott |
| v. | : | |
| | : | Order Granting Motion for Default |
| D. Dip Automotive Group LLC, | : | Judgment |
| | : | |
| Defendant. | : | |

This matter is before the Court on Plaintiff's Motion for Default Judgment pursuant to Rule 55 of the Federal Rules of Civil Procedure. (Doc. 8.) Fifth Third Bank ("Fifth Third") filed this suit against D. Dip Automotive Group to collect on several loans. The Clerk of Court filed an Entry of Default against Defendant when it failed to appear or defend in this action. Fifth Third now moves the Court to enter a default judgment against Defendant in the amount of $127,772.92. For the reasons that follow, the Court will **GRANT** the Motion.

I.  PROCEDURAL HISTORY

Fifth Third entered into a Dealer Agreement with Defendant to allow Defendant to offer Fifth Third's financing services to customers seeking to finance cars purchased from Defendant. (Doc. 8-2 PageID 82.) Defendant allegedly breached that agreement by submitting false information to Fifth Third, and Fifth Third filed suit for breach of contract, negligent misrepresentation, and unjust enrichment. (Doc. 1.) Defendant was served via certified mail on March 27, 2023. (Doc. 8 PageID 76.) Proof of service was filed with the Court. (Doc. 5.) Defendant has not filed any response to the Complaint, nor has it appeared in this case. Plaintiff requested an Entry of Default (Doc. 6), which the Clerk entered on May 8, 2023. (Doc. 7.) Plaintiff moved for default judgement on June 28, 2023. (Doc. 8.)

**II.     STANDARD OF LAW FOR GRANTING DEFAULT JUDGMENT**

Rule 55(b) provides:

(b) Entering a Default Judgment.

(1) By the Clerk. If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk—on the plaintiff's request, with an affidavit showing the amount due—must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person.

(2) By the Court.  In all other cases, the party must apply to the court for a default judgment.  A default judgment may be entered against a minor or incompetent person only if represented by a general guardian, conservator, or other like fiduciary who has appeared.  If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 7 days before the hearing. The court may conduct hearings or make referrals—preserving any federal statutory right to a jury trial—when, to enter or effectuate judgment, it needs to:

(A) conduct an accounting;

(B) determine the amount of damages;

(C) establish the truth of any allegation by evidence; or

(D) investigate any other matter.

Fed. R. Civ. P. 55.

"[A]fter entry of default, the decision to grant a default judgment is within the Court's discretion." *AF Holdings LLC v. Bossard*, 976 F. Supp. 2d 927, 929 (W.D. Mich. 2013).  An entry of default "conclusively establishes every factual predicate of a claim for relief." *Thomas v. Miller*, 489 F.3d 293, 299 (6th Cir. 2007).  That is, the well-pleaded allegations of fact establishing liability are taken as true following an entry of default. *See Hawkins v. Franklin Cnty. Sheriff's Off.*, No. 2:13-CV-186, 2015 WL 1647033, at *2 (S.D. Ohio Apr. 14, 2015); *Williams v. Rudin*, No. 1:11-CV-Ol 103, 2012 WL 3562134, at *1 (W.D. Tenn. July 31, 2012), *report and recommendation adopted*, 2012 WL 3562106 (W.D. Tenn. Aug. 16, 2012).

However, allegations regarding the amount of damages must be proven with evidence through detailed affidavits, documentary evidence, or at an evidentiary hearing. *Proampac Holdings, Inc. v. First Source, LLC*, No. 1:20-cv-417, 2021 WL 2334288, at *1 (S.D. Ohio June 8, 2021); *see also Vesligaj v. Peterson*, 331 F. App'x 351, 354 (6th Cir. 2009) (stating that an evidentiary hearing is allowed, but not required, by Rule 55(b)(2)). "An evidentiary hearing is not required if the Court can determine the amount of damages by computation from the record before it." *Truex v. Drivers Direct, LLC*, No. 1:21-CV-01343, 583 F. Supp. 3d 1033, 2022 WL 336346, at *1 (N.D. Ohio Feb. 4, 2022).

### III. FACTS AND ANALYSIS

In this case, the amount of damages can be computed from the record before the Court. The Dealer Agreement provided that if any representation by Defendant was incorrect when made, there would be a default. (Doc. 1-1 PageID 17.) If there was a default, Plaintiff could require Defendant to repurchase the loans by paying Plaintiff the payoff balance of those loans. (*Id.*) Plaintiff has attached to its Motion an affidavit from a Fifth Third analyst stating that the current values of the loans in question total $113,490.74. (Doc. 8-1 PageID 80.) The Dealer Agreement also includes a provision stating that Defendant will indemnify Plaintiff for reasonable attorney's fees and expenses which Plaintiff incurs as a result of a breach of the Agreement. (Doc. 1-1 PageID 17.) The attached affidavit states that the costs and attorney fees are $14,282.18. (Doc. 8-1 PageID 80.) The total amount is $127,772.92. (*Id.*) Because the amount of damages can be computed from the record before the Court, an evidentiary hearing is not necessary.

### IV. CONLUSION

For the foregoing reasons, the Court **GRANTS** the Motion for Default Judgment (Doc.

3

8). Judgment is awarded in favor of Plaintiff Fifth Third Bank and against Defendant D. Dip Automotive Group in the amount of $127,772.92 plus post-judgment interest.

**IT IS SO ORDERED.**

                                                BY THE COURT:

                                                S/Susan J. Dlott
                                                Susan J. Dlott
                                                United States District Judge